IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAYNE WARREN, § | |
| #02247222, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-788-E-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Michael Wayne Warren's pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 3. Upon review, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

In 1992, Warren, a Texas state prisoner, was charged by indictment with one count of aggravated sexual assault of a child under 14 years of age. *State v. Warren*, No. 28679 (249th Jud. Dist. Court of Johnson Cnty., Tex.). He pled guilty pursuant to a plea agreement to the lesser-included offense of indecency with a child—exposure and received a ten-year probated sentence. In 2001, his term of probation was revoked, and he was sentenced to three years' imprisonment.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

On November 6, 2020, Warren filed a state habeas application challenging his conviction. *Ex parte Warren*, No. 28679A (249th Jud. Dist. Court of Johnson Cnty., Tex.). The Texas Court of Criminal Appeals subsequently denied relief without a written order. *Ex parte Warren*, No. WR-91,455-02 (Tex. Crim. App. Mar. 10, 2021).[2]

On April 6, 2021, Warren filed the instant federal habeas petition, renewing his attack on his 1992 conviction for indecency with a child. Doc. 3 at 1-2. In essence, he challenges the indictment and alleges his counsel was ineffective in failing to adequately investigate. Doc. 3 at 6-7. However, Warren is no longer in custody on that conviction[3]; thus, the Court lacks jurisdiction to consider his petition. Federal habeas corpus relief is available only for persons who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A habeas petitioner is not "in custody" when the sentence imposed for the challenged conviction has fully expired at the time the petition is filed. *Maleng v. Cook,* 490 U.S. 488, 491 (1989).

Thus, this Court lacks jurisdiction to consider his habeas petition.[4]

---

[2] The Court of Criminal Appeals docket sheet is available at https://search.txcourts.gov/Case.aspx?cn=WR-91,455-02&coa=coscca (last accessed on Sep. 14, 2021). The Court also reviewed an electronic copy of the state habeas court record obtained from the Court of Criminal Appeals.

[3] The Court takes judicial notice of Warren's assertion in his state habeas application that his three-year sentence had been discharged. *Ex parte Warren*, No. 28679A, Nov. 6, 2020 application at 7.

[4] State records reveal that Warren is now serving a five-year sentence on a Johnson County conviction which he is challenging in a separate § 2254 habeas proceeding. *See Warren v. Director*, No. 3:21-CV-787-M-BN (N.D. Tex.). Texas Department of Criminal Justice (TDCJ) records are available online at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04348007 (last accessed on Sep. 21, 2021).

For the foregoing reasons, Warren's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on September 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).